UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TIA BLAKE, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:22-cv-312 PTG/IDD |
| | ) |
| PSI, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Tia Blake's ("Plaintiff") Affidavit Default Judgment ("Motion"), which is interpreted to be a Motion for Default Judgment, against Defendant PSI ("PSI" or "Defendant"), pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. No. 18. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, Plaintiff's Supplement to the Motion for Default Judgment, and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **DENIED** because Plaintiff's Complaint fails to state a plausible claim for relief.

## I.   INTRODUCTION

On March 22, 2022, Plaintiff filed her Complaint against PSI. Dkt. No. 1. In her Complaint, Plaintiff brings claims of employment discrimination and retaliation against PSI. Dkt. No. 1. Plaintiff alleges discrimination based on race and religion as well as a violation of Virginia's Fraud and Abuse Whistle Blower Protection Act. Va. Code. Ann. 2.2 § 3011. Dkt. No. 1. In her Complaint, Plaintiff alleges the discrimination and retaliation resulted in PSI's failure to promote,

PSI's failure to pay for work, and the termination of her employment with PSI. Dkt. No. 1. Plaintiff first brought her claims to the U.S. Equal Employment Opportunity Commission ("EEOC"), through the Virginia Office of Civil Rights, in or around September 2021. *Id.* The EEOC issued a right to sue letter to Plaintiff on December 22, 2021. *Id.*

Plaintiff did not seek any relief in her Complaint. Dkt. No. 1. In the instant Motion, Plaintiff initially sought an award of $150,000 on Default Judgment. Dkt. No. 18. Subsequently, on July 21, 2023, Plaintiff filed a response to the Court's July 14, 2023 Order to supplement her Motion for Default Judgment, in which she decreased the relief sought to $13,600. Dkt. Nos. 24, 25. Because Plaintiff's Complaint does not allege facts sufficient to state a claim, nor does it state any claim for relief, the undersigned recommends denying Plaintiff's Motion for Default Judgment.

## A. Jurisdiction and Venue

This Court has subject matter jurisdiction over Plaintiff's federal claims, pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. §2000e-5(f)(3) because the Complaint raises a federal question under Title VII of the Civil Rights Act of 1964, for claims of discrimination in employment based on race and religion as well as a claim for retaliation. Dkt. No. 1, 25. This Court has supplemental jurisdiction over Plaintiff's remaining state law claim because it arises from the same case or controversy as the federal claims, regarding the alleged retaliatory employment actions. 28 U.S.C. § 1367(a).

This Court also has personal jurisdiction over Defendant. In that regard, two requirements must be satisfied for this Court to exercise personal jurisdiction over Defendant. First, Virginia's long-arm statute must authorize the exercise of jurisdiction. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India,* 551 F.3d 285, 292 (4th Cir. 2009). Second, if that authorization exists, then the Due Process Clause of the Fourteenth Amendment requires that the defaulting defendant has

sufficient minimum contacts with the forum state. *Christian Sci. Bd. Of Dirs. of the First Church of Christ, Scientist v. Nolan,* 259 F.3d 209, 205 (4th Cir. 2001). Particularly, the Defendant's conduct must have such a connection with Virginia that it is fair for Defendant to be required to defend itself in a court in the Commonwealth. *Helicopteros Nacionales de Colombia S.A. v. Hall,* 466 U.S. 408, 414-15, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). In this case, the exercise of personal jurisdiction is appropriate because the claim arises out of Plaintiff's employment with PSI at testing sites in Springfield, Virginia. Dkt. Nos. 1, 25. Because the claim arises out of Defendant's employment of Plaintiff in Virginia, it is fair to require Defendant to defend itself in this matter in Virginia.

Because Plaintiff's claims arise out of her employment with Defendant in this district, a substantial part of the events or omissions giving rise to the claim occurred in this district. *See* 28 U.S.C. § 1391(b)(2). Therefore, venue is proper in this District as well, pursuant to 28 U.S.C. § 1391(b)(2).

### B.  Service of Process

The Court must be satisfied that the defaulting party has been properly served. Pursuant to Federal Rule of Civil Procedure 4(e)(2)(A), individuals "may be served in a judicial district of the United States by . . . delivering a copy of the summons and of the complaint to the individual personally." Federal Rule of Civil Procedure 4(h)(1)(B) allows a party to serve a corporation, partnership, or association inside the U.S. by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  The U.S. Marshals Service ("USMS") first attempted to serve PSI on Plaintiff's behalf on April 15, 2022. Dkt. No. 7. On April 25, 2022, the USMS successfully served PSI by serving the summons and complaint on PSI Executive Assistant, Angie

3

Daly, at the PSI Human Resources office in Glendale, California. *Id.* The California Code of Civil Procedure provides that "[a] summons may be served on an unincorporated association…by delivering a copy of the summons and of the complaint…to the president or other head of the association, a vice president, a secretary or assistant secretary…or a person authorized by the association to receive service of process." Cal. Civ. Pro. Code § 416.40(b). Since an executive assistant is essentially a secretary or assistant secretary, the Court concludes that the USMS, on Plaintiff's behalf, properly served Defendant PSI, a limited liability company, by personally serving the summons and complaint on PSI's Executive Assistant, an individual authorized to receive service of process under California law. Dkt. No. 7.

### C.  Grounds for Default

Plaintiff filed her Complaint on March 22, 2022. Dkt. No. 1. Defendant has failed to appear, answer, or file any other responsive pleadings in this matter. On July 12, 2022, Plaintiff sent a letter to the Court indicating that PSI had failed to respond to the Complaint. Dkt. No. 8. On July 29, 2022, U.S. District Judge Patricia Giles ordered Plaintiff to seek entry of default against PSI with the clerk of court and to file a motion and supporting memorandum demonstrating the factual and legal support for this Court's exercise of subject matter and personal jurisdiction, that proper service was provided, that the complaint alleges facts sufficient to state a claim, and evidence of damages. Dkt. No. 9. On September 1, 2022, Plaintiff first sought entry of default against PSI with the clerk of court. Dkt. No. 10. The clerk issued a notice of correction that Plaintiff needed to file an affidavit to accompany the request for entry of default. On December 7, 2022, Plaintiff filed the required affidavit, and on January 6, 2023, Plaintiff filed the required Certificate of Service. Dkt. Nos. 15, 16. On January 10, 2023, the Clerk entered default against the Defendant. Dkt. No. 17. On March 31, 2023, Plaintiff filed an Affidavit Default Judgment, which the undersigned

interprets to be a Motion for Default Judgment. Dkt. No. 18. On June 2, 2023, Judge Giles ordered Plaintiff to supplement her Motion for Default Judgment and to notice a hearing before the undersigned magistrate judge. Dkt. No. 21. The Court conducted a hearing on the matter on July 14, 2023. Dkt. No. 23. The undersigned ordered Plaintiff to supplement her Motion for Default Judgment with facts to support a claim against PSI, the specific law or laws PSI is alleged to have violated, the basis for asserting jurisdiction and venue are proper in this Court, and the facts and evidence to support Plaintiff's damages calculation of $150,000. Dkt. No. 24. On July 21, 2023, Plaintiff timely filed her Supplement to the Motion for Default Judgement. Dkt. No. 25.

After Defendant failed to respond to the complaint and the Motion for Default Judgement, and failed to appear at the hearing, or otherwise defend this matter, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II.    EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a valid claim). A defendant in default concedes the factual allegations of the complaint and is barred from contesting them on appeal. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's

conclusions of law, and it is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate the Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a Plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III. FACTUAL FINDINGS AND ANALYSIS

In evaluating Plaintiff's Complaint under the standards of Federal Rule of Civil Procedure 12(b)(6), the undersigned finds that Plaintiff's Complaint does not set forth sufficient facts to state a plausible claim. *See* Dkt. No. 1. Under the section titled "Statement of Claim" of Plaintiff's Complaint, Plaintiff checked boxes alleging that the discriminatory actions include termination of employment, failure to promote, retaliation, and failure to pay for work. *Id.* at 4. Plaintiff also checked boxes alleging Defendant's discriminatory acts were based on Plaintiff's race and religion. *Id.* Though this section asks Plaintiff to "check all that apply and explain," Plaintiff did

not provide any additional information. *Id.* The form then states that "The facts of my case are as follows." *Id.* Plaintiff left this section blank and did not attach any additional documents. *Id.* Additionally, under the section titled "Basis for Jurisdiction," Plaintiff checked the box for "Other federal law" and listed the Virginia Fraud and Abuse Whistle Blower Protection Act, Va. Code. Ann. 2.2 § 3011. Dkt. No. 1 at 3.

Since there are no facts provided in the Complaint, there are no facts to state a plausible claim for relief. That Plaintiff checked boxes, as described above, is not sufficient to state a claim as it does no more than state legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's Supplement to the Motion for Default Judgment does provide additional facts alleging that Plaintiff was terminated and had her pay withheld, following two hostile work environment complaints to PSI Human Resources. Dkt. No. 25. This, however, fails to demonstrate how the Complaint itself states a valid claim for relief. Therefore, the undersigned finds that the Complaint does not allege facts sufficient to state a plausible claim.

Additionally, even if the Complaint did state a plausible claim, Plaintiff does not request any relief in her Complaint. Dkt. No. 1. The Complaint form provides a space in which the filer is instructed to describe their claim for relief, and Plaintiff left this section blank. *Id.* at 5-6. Though Plaintiff complied with the Court's July 14, 2023 Order by supplementing her Motion for Default Judgment with the factual basis for her claim of $13,600 in damages, pursuant to Federal Rule of Civil Procedure 54(c), "a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Since Plaintiff failed to demand any relief in her Complaint, the Court cannot award damages subsequently demanded in a Motion for Default Judgment. Further, though the undersigned ordered Plaintiff to "include specific references to the documents that support that calculation" of damages, Dkt. No. 24, Plaintiff did not reference any such documents.

*See* Dkt. No. 25. Thus, even if Plaintiff put forth a valid claim, the Court is unable to award Plaintiff the relief requested in either her original Motion for Default Judgment or her supplements thereto.

### III.    RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be **DENIED** because the Complaint fails to state a plausible claim for relief.

### IV.    NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge

November 30, 2023
Alexandria, Virginia